MOORE v. MICHIGAN HOSPITAL SERVICE.

1. INSURANCE—HOSPITAL SERVICE—DIVORCED WIFE.
   Fact that hospital service subscriber was required to notify the insurer within 30 days of a change in status of members of his family covered by the contract would not entitle wife to benefits thereunder for period of 30 days after divorce, since then she was not a member of the family.

2. SAME—HOSPITAL SERVICE—NOTICE OF CHANGE OF STATUS—COVERAGE—FORFEITURES.
   The failure of an insured member under a hospital service policy to notify the insurer that insured was divorced until some 7 weeks thereafter instead of within 30 days as required by the policy would not extend coverage under the contract of insurance to the wife for service commencing 17 days after the divorce, since she was no longer his spouse, there being no matter of forfeiture involved.

3. SAME—HOSPITAL SERVICE—COVERAGE—INTENT—APPLICATION FOR SINGLE SUBSCRIBER BY FORMER FAMILY MEMBER.
   The fact that insurer's hospital service contract requires the insured to notify the insurer of a change of status of a member of his family within 30 days of such change and provision for issuance of a single subscriber's contract to a member of the family not thereafter covered if application therefor be made within 30 days do not evince an intention to extend coverage for 30 days but merely indicate who is included within the coverage.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 9, 1958. (Docket No. 15, Calendar No. 47,174.) Decided July 15, 1958.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 29 Am Jur, Insurance (Supp) § 1172.5.
What constitutes a "hospital" within coverage or exclusionary clauses of hospitalization policy. 35 ALR2d 897.

Action by Helen Moore against Michigan Hospital Service, a Michigan nonprofit corporation, for reimbursement of hospital expense. Judgment for defendant. Plaintiff appeals. Affirmed.

*Gerald M. Flury,* for plaintiff.

*Dykema, Jones, Wheat, Spencer & Goodnow (Benjamin H. Long,* of counsel), for defendant.

DETHMERS, C. J.   Plaintiff had been the wife of John Moore until they were divorced on December 6, 1955. He was a subscriber of the Blue Cross Plan of defendant corporation, with family coverage under a contract entitling him, as subscriber, and his "spouse, and any unmarried children under 19 years of age legally residing with them," (defined therein as members) to specified hospital service. His subscription rate for family coverage had been paid by him through the period ending January 31, 1956. On December 23, 1955, 17 days after the divorce, plaintiff was injured in an automobile accident and admitted to a hospital, where she remained for about 2 months and received hospital care to the value of $967.50. She would be entitled to be reimbursed in that amount by defendant, if, during the period of her hospitalization, she was covered by the benefit provisions of the contract between her former husband and defendant. For that, she brought this suit, had judgment in the common pleas court of Detroit which was reversed in circuit court, and from judgment, in the latter, of no cause for action she appeals here.

The contract between John Moore and defendant provided, *inter alia,* "Family coverage for children under this contract shall terminate upon marriage or at the end of the calendar year in which the age of 19 is attained." "No person other than a member is

entitled to any benefits under this contract." "The subscriber must notify the remitting agent or the service association, within 30 days, of changes in status of members under the contract resulting from marriage, divorce or death." The contract contained no express provision as to termination in the event of the divorce of a member. John Moore notified defendant of the divorce on or about January 23, 1956, whereupon the latter notified plaintiff that she was not eligible for coverage under her former husband's contract. It is defendant's custom to issue a single subscriber certificate to a divorced spouse, if application therefor is made within 30 days after divorce, but no such application was made by plaintiff.

It is plaintiff's position that she continued to be covered by the provisions of the contract and to be entitled to hospital service thereunder for a period of at least 30 days after her divorce. She says this follows from the fact that the contract makes no express provision for terminating coverage of a member-spouse upon divorce, while it does expressly specify that family coverage for member-children shall terminate upon marriage or at the end of the calendar year in which the age of 19 is attained. Such reasoning overlooks the fact that the contract extends coverage to the subscriber's spouse and children and that the latter continue to be his children after their marriage or after their attainment of age 19 years, with continued benefits of coverage until the end of the calendar year when that age is attained, and with respect to whom it is, therefore, necessary to incorporate into the contract an express provision as to when they cease to be entitled to benefits, while, on the other hand, in the case of his onetime spouse, she is no longer his spouse after the divorce and, hence, no longer within the con-

tract's definition of "member" or its provisions for coverage.

Plaintiff contends that the law does not favor forfeitures, that provisions therefor should be strictly construed against the party seeking to invoke them, and that, the question of the meaning of the contract with respect to the rights of a divorced spouse of a subscriber being in doubt, it should be resolved in plaintiff's favor. The question here is, however, not one of forfeiture but of the extent of the coverage. The meaning of the contract's language in that respect is not doubtful. Coverage is extended to a subscriber's spouse. When plaintiff ceased to be a spouse she was no longer within the contract's definition of a member or its terms of coverage.

Plaintiff points to the contract's provision that the subscriber must notify defendant, within 30 days, of changes in status of members resulting from divorce as indicative of an intent that coverage would be continued to the member-spouse for 30 days after divorce; and she contends that the same conclusion is to be drawn from the fact that it is defendant's custom to issue a single subscriber contract to a divorced spouse of a subscriber, if application therefor is made within 30 days after the divorce. The fact that the contract requires notice to the defendant from the subscriber within 30 days of the change of status of a member resulting from divorce, enabling defendant to keep its records current as to who are members and subject to coverage and thus protect itself against payments in behalf of those not covered, evidences no intent to extend coverage for 30 days to one who does not come within the contract's definition of those included in the coverage. On the contrary, it confirms what the coverage provision of the contract plainly spells out, that a spouse of a subscriber is included and, *a fortiori,* that one who is not such spouse is not covered. Likewise, the fact that it

is defendant's custom to issue a single subscriber contract to a divorced spouse of a subscriber, if applied for within 30 days after the divorce, is in nowise indicative of an intent to extend coverage to one who is not a spouse and who has not applied for such single subscriber contract.

The contract, by express terms, covered John Moore and his spouse. At the time in question plaintiff was not his spouse, was not a member under the definition of the contract, was not covered by its terms, and was, therefore, entitled to no benefits thereunder.

Affirmed, with costs to defendant.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.